**WEI CAI CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72093.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 27, 2007.*

Filed Aug. 30, 2007.

Wei Cai Chen, Monterey Park, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., David E. Dauenheimer, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

MEMORANDUM **

Wei Cai Chen, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252.

Where, as here, it is unclear whether the BIA conducted a de novo review, we may "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Avetova–Elisseva v. INS*, 213 F.3d 1192, 1197 (9th Cir.2000). We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

Substantial evidence supports the IJ's and BIA's finding that the physical and

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

economic harm that Chen endured in the past was not on account of his actual or imputed political opinion, but rather occurred in retribution for a personal dispute. *See Molina–Morales v. INS,* 237 F.3d 1048, 1051–52 (9th Cir.2001). Because Chen's fear of future persecution is based on the same incidents, he failed to demonstrate that it is on account of a protected ground. *See id.* at 1052. Accordingly, his asylum and withholding of removal claims fail. *See id.*

Substantial evidence supports the denial of CAT relief because Chen did not show that it is more likely than not that he would be tortured if returned to China. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

